## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DARCY G. ARNOLD,** *et al.,*

        **Plaintiffs,**

**vs.**
                                            **Case No.: 2:20-cv-1804**
                                            **Chief Judge Algenon L. Marbley**
                                            **Magistrate Judge Vascura**

**PNC BANK N.A.,** *et al.,*

        **Defendants.**

### <u>ORDER</u>

On June 23, 2020, the United States Magistrate Judge issued a *Report and Recommendation* on Plaintiffs' Motion to Remand (ECF No. 18) and PNC's Motion to Deny Joinder (ECF No. 24).  The Magistrate Judge recommended that Plaintiffs' Motion to Remand be **DENIED** and PNC's Motion to Deny Joinder be **GRANTED**.  (ECF No. 27).  The parties were advised of their right to object to the *Report and Recommendation.*  This matter is now before the Court on Plaintiffs' Objections to the *Report and Recommendation*.  (ECF No. 28).  Defendant PNC filed a response.  (ECF No. 29).  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Following the initial briefing, Plaintiffs filed a Motion for Leave to Submit, *Instanter*, a Reply in further support of their objections to the *Report and Recommendation* (ECF No. 30). Defendants have not responded to this Motion.  The Court will therefore **GRANT** Plaintiffs' Motion for Leave to File a Reply Instanter and the Reply will be filed on the Court's case management system.

The Magistrate Judge carefully considered all the arguments of the parties submitted in the briefing on the Motion to Remand and Motion to Deny Joinder.  Plaintiffs raise two primary objections to the Magistrate Judge's *Report and Recommendation*.  Specifically, Plaintiffs object to the conclusions that the amount in controversy has been satisfied by Defendant PNC and that Kimberly Mason should not be joined as an additional defendant and the case should not be remanded based on lack of diversity amongst the parties.  (ECF No. 28, Pls.' Objs. at 1–2).

With respect to Plaintiffs' first objection regarding the amount in controversy, the Court must consider all of the claims at the time of removal, as well as any evidentiary submissions. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 573 U.S. 81, 88 (2014).  The burden is on Defendant PNC, the party asserting diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).  Here, Defendant PNC has provided evidence that the market value of the Trust as of March 16, 2020, was $2,209,737.  PNC asserts in the Notice of Removal that the "difference between an immediate distribution of the [T]rust funds . . . versus keeping the funds in the [T]rust as the 2016 [A]mendment pr[e]scribes equates to more than $1,000,000 in damages."  (ECF No. 1, Notice at ¶ 11).  The Magistrate Judge acknowledged Plaintiffs' arguments that they are entitled to Trust funds at some point, therefore, the damages are the benefit derived from receiving the funds sooner.  The Magistrate Judge in concluding that the declaratory judgment would exceed $25,000 found that Plaintiffs have not provided the Court with any evidence of such benefit. Plaintiffs object to this conclusion, arguing it is not their burden to prove the amount in controversy.  However, when contesting the amount submitted to the Court by PNC and when the Court should rely on evidence submitted to determine the amount in controversy, then

Plaintiffs should have submitted their own figures to counter those of Defendant PNC. Therefore, the Court finds that the $50,000 in compensatory damages sought in the Amended Complaint combined with the value of the declaratory judgment claim, exceeds $75,000. PNC has therefore satisfied its burden with respect to the amount in controversy.

Turning to the second objection, Plaintiffs assert that Kimberly Mason was properly joined as a defendant in this action and therefore remand is appropriate because there is no longer complete diversity of citizenship. The Court agrees with the law and analysis referenced by the Magistrate Judge in the *Report and Recommendation* and the ultimate conclusion that the balance of factors weighs in favor of PNC's Motion to Deny Joinder of Defendant Kimberly Mason. Plaintiffs' objections as to these factors fails as they have not provided any new arguments that were not fully considered by the Magistrate Judge. The Court agrees that Plaintiffs' have attempted to join Ms. Mason as a non-diverse defendant at this time for the purpose of destroying federal jurisdiction and that Plaintiffs will not suffer significant injury if Ms. Mason is not a party to this action as Plaintiffs can recover from PNC under the doctrine of *respondeat superior*.

Plaintiffs assert in their Reply that PNC improperly introduced new arguments/evidence about trust fees in its Response to Plaintiffs' objections, however, the conclusions in the *Report and Recommendation* were made by considering the record then before the Court. Although PNC's new arguments/evidence may further support the *Report and Recommendation* conclusion with respect to the amount in controversy, none of it was necessary to reach that conclusion. The Court allowed Plaintiffs' Reply and considered all arguments presented but has not relied on any new evidence/argument in affirming the *Report and Recommendation*.

3

Accordingly, Plaintiffs' objections to the Magistrate Judge's *Report and Recommendation* are **OVERRULED** and Plaintiffs' Motion to Remand is **DENIED** and PNC's Motion to Deny Joinder of Defendant Kim Mason is **GRANTED**.

The Clerk of this Court shall remove ECF Nos. 18, 24, 27, and 30 from the Court's pending motions list.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

**DATED:  August 24, 2020**

4